IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

ENRIQUE AGUIRRE, *Respondent*.

No. 1 CA-SA 26-0176

FILED 07-28-2026

Petition for Special Action from the Superior Court in Maricopa County
No. CV 2026-000755
The Honorable Susanna C. Pineda, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Banes, Edward F. Novak, Jennifer Rethemeier (argued)
*Co-Counsel for Petitioner*

Arizona Attorney General's Office, Tucson
By Robert R. McCright, Laura L. Roubicek
*Co-Counsel for Petitioner*

The People's Law Firm PLC, Phoenix
By Jesse Santana Wulsin, Stephen D. Benedetto (argued)
*Counsel for Respondent*

**OPINION**

Judge D. Andrew Gaona delivered the opinion of the Court, in which Presiding Judge David B. Gass[1] and Judge Anni Hill Foster joined.

**G A O N A**, Judge:

¶1 Our constitution commands the legislature to "direct by law in what manner and in what courts suits may be brought against the state." Ariz. Const. art. 4, pt. 2, § 18. More than 40 years ago, the legislature exercised this power by requiring persons intending to sue any Arizona public entity for damages to first file a notice of claim ("NOC"). 1984 Ariz. Sess. Laws, ch. 285 § 5 (2nd Reg. Sess.) (S.B. 1225). Claimants must ensure their NOC contains certain information and file it within 180 days of the claim's accrual. A.R.S. § 12-821.01(A). But just last year, the legislature enacted a new pilot-program statute that authorizes those erroneously convicted of a crime to file a claim against the State for special damages, subject to a new statute of limitations period and new procedures, and to do so "[n]otwithstanding any other law." A.R.S. § 13-4296(A). The narrow question here is whether a claimant under § 13-4296 must first file an NOC under § 12-821.01(A).

¶2 Respondent Enrique Aguirre sued the State seeking compensation under § 13-4296, and the State moved to dismiss because Aguirre didn't first file an NOC. The superior court denied the State's motion, finding that § 13-4296 exempted Aguirre's claim from § 12-821.01's NOC requirement. The State seeks special action relief from that order.

¶3 Because, as we explain below, "notwithstanding any other law" is an "expansive" clause the legislature commonly uses to "make[] clear that [one statute] controls over other, potentially conflicting state

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

laws," *City of Phoenix v. Glenayre Electronics, Inc.*, 242 Ariz. 139, 144 ¶¶ 16, 17 (2017), the superior court got it right. We accepted special action jurisdiction and denied relief in separate orders, noting that a written decision would follow. This is that decision.

## FACTS AND PROCEDURAL HISTORY

**¶4**         In 2021, a Maricopa County jury convicted Aguirre of discharging a firearm at a non-residence. The court sentenced him to 5 years in prison with credit for 173 days of presentence incarceration. We reversed his conviction and sentence on appeal because "no evidence support[ed] Aguirre's conviction." *State v. Aguirre*, 255 Ariz. 89, 94 ¶ 21 (App. 2023). On remand, the superior court dismissed the charge against Aguirre with prejudice. All told, Aguirre spent 632 days in jail and prison.

**¶5**         In January 2026, Aguirre filed an action under § 13-4296, a statute passed in 2025 allowing certain individuals whose convictions are reversed or vacated to seek compensation from the State. The State moved to dismiss, arguing Aguirre didn't file an NOC before filing in superior court. After considering the parties' briefing, the superior court denied the State's motion, concluding that the "180-day notice of claim requirement under A.R.S. § 12-821.01(A) is inapplicable to claims brought under A.R.S. § 13-4296." The State's special action petition followed.

## JURISDICTION

**¶6**         "As a general rule, special action is not an appropriate vehicle for review of a denial of a motion to dismiss." *Vo v. Superior Ct.*, 172 Ariz. 195, 198 (App. 1992). Yet both the State and Aguirre urge us to accept special action jurisdiction. They say the proper interpretation of § 13-4296 is a question of first impression and statewide importance, and that resolving this threshold issue now is the most efficient path forward in Aguirre's case. The State further identifies an urgent need for clarity because § 13-4296 provides claimants two years from January 1, 2026 to file claims based on convictions overturned before that date, at least a dozen other claims for compensation are currently pending, and it anticipates future claims. Because § 12-821.01(A) requires that an NOC be filed within 180 days from the date when a cause of action accrues, determining whether § 12-821.01(A)'s NOC requirement applies to § 13-4296 requires us to resolve the issue promptly for potential claimants.

**¶7** Because this matter involves interpreting a new statute[2] and the efficient management and disposition of this and other cases arising under § 13-4296 is an issue of statewide importance, we accept special action jurisdiction. *See* Ariz. R.P. Spec. Act. 12(b)(3), (4), (7).

## DISCUSSION

**¶8** This special action's outcome turns on statutory interpretation, meaning our review is de novo. *State v. Luviano*, 255 Ariz. 225, 227 ¶ 7 (2023). "When interpreting statutes, we begin with the text." *Franklin v. CSAA Gen. Ins.*, 255 Ariz. 409, 411 ¶ 8 (2023). We apply a "plain meaning analysis" under which "[c]lear and unequivocal language determines a statute's meaning." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 15 (2024). "[W]e look first to the language of the provision, for if the statutory language is clear, judicial construction is neither required nor proper." *Id.* (cleaned up). We use "alternative methods of statutory construction"—like examining a statute's "historical background" or "spirit and purpose"—only if the statute's language is ambiguous. *Id.* at 142 ¶ 17.

**I.** **About 41 years after Arizona began requiring those who want to sue a public entity to file a timely NOC, the legislature enacted § 13-4296—the erroneous conviction statute at issue.**

**¶9** We begin with § 12-821.01, which requires those "who have claims against a public entity" to first file an NOC "with the person . . . authorized to accept service for the public entity" no later than 180 days "after the cause of action accrues." A.R.S. § 12-821.01(A). The NOC must contain (1) "facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed" and (2) "a specific amount for which the claim can be settled and the facts supporting that amount." *Id.* This requirement applies to "all causes of action that accrue on or after July 17, 1994." A.R.S. § 12-821.01(F). And only after a claimant files a valid NOC and the public entity either denies it, or 60 days pass, can they sue the public entity subject to the general one-year statute of limitations. *See* A.R.S. §§ 12-821.01(A), (E), -821. "Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred" and subject to dismissal. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007); *see also Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 610 ¶ 7 (App. 2018) ("A notice of claim

---

2 Section 13-4296 will sunset within the next year absent legislative action. *See* 2025 Ariz. Sess. Laws, ch. 230 § 5 (1st Reg. Sess.) (S.B. 1500) (repealing § 13-4296 "from and after June 30, 2027").

4

that satisfies A.R.S. § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity."). The legislature has required those asserting claims against any Arizona public entity to file an NOC in some form since 1984. *See* 1984 Ariz. Sess. Laws, ch. 285 § 5 (2nd Reg. Sess.) (S.B. 1225); *City Of Phoenix v. Fields*, 219 Ariz. 568, 571 ¶¶ 8–9 (2009) (describing the NOC requirement's evolution).

¶10            In 2025, the legislature passed § 13-4296, titled "Erroneous convictions; compensation; pilot program." The statute authorizes certain individuals whose felony convictions are reversed or vacated (or who receive a pardon for innocence) to file an action seeking compensation from the State. A.R.S. § 13-4296. It says they can file these actions "[n]otwithstanding any other law." A.R.S. § 13-4296(A). The statute contains its own two-year limitations period, requires the claimant to serve the attorney general, presumptively requires the attorney general to respond to the claim within thirty days, and sets forth various other procedural requirements. A.R.S. § 13-4296(B)–(V). The statute says nothing about an NOC and doesn't reference § 12-821.01.

II.    **Because § 13-4296 contains a "notwithstanding any other law" provision, that section is exempt from § 12-821.01's NOC requirement.**

¶11            Turning to the dispute in this special action, the State contends that § 13-4296's "silence" about § 12-821.01's applicability is "meaningful" because the statutes "can be read in harmony," and that the superior court erred "by reading an implied repeal" of the NOC requirement into § 13-4296. The State says the superior court's interpretation of § 13-4296 is "atextual and illogical" because nothing prevents claimants like Aguirre from filing a § 13-4296 action after they go through the NOC process. And it argues the superior court's order disregarded *Boyd v. State*, 256 Ariz. 468 (App. 2023), in which it claims we "resolved an analogous statutory interpretation issue." We address each of the State's arguments—none of which persuade—in turn.

A.    **Section 13-4296's prefatory clause "notwithstanding any other law" is not ambiguous.**

¶12            To start, we agree that § 13-4296's "silence" about (or more appropriately, its lack of a specific reference to) § 12-821.01 and its NOC requirement is "meaningful"—just not in the way the State urges. Section 13-4296 begins as follows: "Notwithstanding any other law, a claimant may bring an action in superior court seeking compensation from this state[.]"

A.R.S. § 13-4296(A). The statute then prescribes when and how a claimant may bring such a claim.

¶13        "Notwithstanding" means "without prevention or obstruction from or by," "any" means "one or some indiscriminately of whatever kind," and § 12-821.01 is a "law." *Glenayre*, 242 Ariz. at 144 ¶¶ 17–18 (cleaned up). And because nothing in § 13-4296 carves out § 12-821.01(A)'s NOC requirement from its "notwithstanding" clause, that clause "applies broadly and inclusively to all other statutes," addressing how and when claims and actions can be brought, *Glenayre*, 242 Ariz. at 144 ¶ 18, including § 12-821.01. In other words, the use of "notwithstanding any other law" made any mention of § 12-821.01 to preempt the filing of an NOC unnecessary. Interpreting the statute otherwise would render that opening clause meaningless, at least as to § 12-821.01.

¶14        Similarly, accepting the State's reading would also ignore the legislature's choice to create a separate claim process under § 13-4296, directing (among other things) that: (1) the claimant not name any defendants; (2) the claimant "serve the attorney general with a copy of the claim"; (3) the attorney general "respond within thirty days"; and (4) the court make findings allocating fault to unnamed city or county employees. A.R.S. § 13-4296(A), (B), (D), (E). Considering that § 12-821.01(A) bars "[a]ny claim that is not filed within [180] days after the cause of action accrues," the context of both statutes confirms our reading of § 13-4296. *See In re Drummond*, 257 Ariz. 15, 18 ¶ 5 (2024) (context is part of determining a statute's plain meaning).

### B.   Because the legislature chose to exempt § 13-4296 from "any other law," that statute operates independently of—and trumps—§ 12-821.01.

¶15        The State reads *Glenayre* narrowly and seeks to counter Aguirre's view that it stands for the broad proposition that the clause "notwithstanding any other law" is a sign of the "legislature's express intent that the statute operate independently of, and take precedence over, conflicting requirements in other laws." *Glenayre* involved the City of Phoenix's third-party indemnity claims arising from construction projects. 242 Ariz. at 141 ¶ 1. The defendants argued that A.R.S. § 12-552(A)'s eight-year statute of repose barred the City's indemnity claims because that statute says that, "[n]otwithstanding any other statute," certain contract actions can't be brought more than eight years after the project's substantial completion. *Id.* at 142 ¶ 7. The City responded that A.R.S. § 12-510 exempted governmental entities from statutes of limitation. *Id.* at 143 ¶ 14. Our

Supreme Court held that § 12-552's use of "notwithstanding any other" meant it displaced § 12-510's general exemption and, in doing so, interpreted that clause according to its plain meaning to apply "broadly and inclusively to all other statutes." *Id.* at 144 ¶¶ 16–18. The court noted it "d[id] not require the legislature to employ magical passwords to accomplish its manifest intent." *Id.* at 144 ¶ 18 (cleaned up).

**¶16**         According to the State, *Glenayre* is distinguishable because our Supreme Court there resolved a conflict between two "irreconcilable" statutes: an eight-year statute of repose (A.R.S. § 12-552) and another statute exempting governmental entities from limitations periods (A.R.S. § 12-510). This distinction, argues the State, is critical because "there was no way for the court to give effect to both statutes," unlike the statutes before us here. But that distinction has nothing to do with our Supreme Court's plain language interpretation of the clause "notwithstanding any other law" as "appl[ying] broadly and inclusively to *all other statutes*," *Glenayre*, 242 Ariz. at 144 ¶ 18 (emphasis added), not just those that may be "irreconcilable." The legislature did not draft § 13-4296(A) to say, "notwithstanding any other limitations period," as the State argues. And "[o]ur task in statutory construction is to effectuate the text if it is clear and unambiguous." *State v. Gordon*, 261 Ariz. 128, 131 ¶ 12 (2025) (cleaned up).

**¶17**         We pause here to note just how common the clause "notwithstanding any other law" is in Arizona's statutory scheme. Of the 47 operative titles that make up the Arizona Revised Statutes, at least 37 contain at least one statute that includes the clause (with some, like Titles 15 and 36, containing many examples). *See, e.g.*, A.R.S. §§ 1-611; 4-116.01; 5-398.01; 6-559; 8-341.02(B); 9-471.03(A), (B); 11-357(A); 12-910(F); 13-824(A); 15-393(N), (P), (T); 16-204(B), (E), (F), (G); 17-302.01; 18-305(A); 19-117; 20-1693.05(A); 22-122(C); 23-212(F); 25-355; 26-105(B); 28-5244(A), (B); 30-805(A), (B); 31-251(E); 32-1997(A), (C), (D); 33-2401(A); 34-603(K); 35-196.04(A), (B); 36-2986(B), (E); 37-315(A); 38-671(A); 40-360.22(Q); 41-1001.02(C), (D); 42-5009(K), (M), (P), (R); 43-1751; 44-134(A), (B); 45-563.03(A); 48-1019(A); 49-191(A).[3] Adopting the State's proffered "irreconcilability" standard could thus have serious ramifications for the operation of everything from the taking of wolves to protect life or property

---

[3]         A caveat: our opinion today doesn't interpret any of these other statutes. We reference them only as examples of other legislative uses of "notwithstanding any other law." How that clause operates within each statute will turn—as it does here—on statutory context.

(A.R.S. § 17-302.01) to the confidentiality of medical records of patients enrolled in our State's Medicaid program (A.R.S. § 36-2986(E)).

### C. By enacting § 13-4296 "notwithstanding any other law," the legislature didn't impliedly repeal § 12-821.01 — it created a narrow statutory exception to § 12-821.01's general NOC requirement.

**¶18** Next, we reject the State's contention that applying § 13-4296's plain language results in a disfavored "implied repeal" of § 12-821.01. Section 13-4296(A) doesn't "repeal" § 12-821.01 in any way. Instead, § 13-4296 *exempts* the specific claims it authorizes from § 12-821.01, just as it exempts those same claims from "any other law" that might work to limit them in any way.

**¶19** Our reasoning isn't just a judicial declaration of the law. The manual governing legislative drafting describes "notwithstanding" clauses as "stat[ing] an exception to existing law." Ariz. Legis. Council, The Arizona Legislative Bill Drafting Manual 2025–2026 § 4.22; *Planned Parenthood Ariz., Inc.*, 257 Ariz. at 144 ¶ 24 (citing an earlier version of the manual with approval). Put differently, § 12-821.01 continues to operate in full force as to all other claims against Arizona public entities and can "coexist peacefully" with § 13-4296 because both operate independently of each other. *Associated Minority Contractors of Ariz. v. City of Phoenix*, 262 Ariz. 43, 54 ¶ 64 (App. 2026). Implied repeal thus "does not apply." *Id.*

**¶20** Finally, interpreting § 13-4296(A)'s "notwithstanding" clause to exempt claims arising under that statute from § 12-821.01's NOC requirement aligns with *Boyd*. There, we interpreted a statutory amendment creating an exception to § 12-821's general one-year statute of limitations for minor victims of sexual abuse. 256 Ariz. at 470 ¶ 1. The amendment created a one-time-only exception for those whose claims may have otherwise been barred:

> *Notwithstanding any other law*, a cause of action for damages described in subsection A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12–514, Arizona Revised Statutes, as added by this act, *or that would otherwise be time barred* because of an applicable statute of limitations, *a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.*

*Id.* at 472 ¶ 11 (emphases in original). Relevant here, the plaintiff in *Boyd* argued the amendment "supersede[d] all of § 12-821.01(A)'s notice of claim requirements." *Id.* at 473 ¶ 15. Interpreting this amendment, we found otherwise, noting the legislature specifically identified claims that would "otherwise be time barred because of . . . a claim presentation deadline." *Id.* at 472 ¶ 11. We reasoned that "[i]f the legislature had used the phrase 'claim presentation *requirements*' instead of 'claim presentation *deadlines*,' then [plaintiff]'s argument would be more compelling." *Id.* at 473 ¶ 15. In the end, we held that the plaintiff needed to file an NOC for his revived claim. *Id.*

**¶21**        The amendment at issue in *Boyd* looks nothing like § 13-4296. True, both begin with "notwithstanding any other law." In *Boyd*, however, that broad language modified, among other things, "a claim presentation deadline." 256 Ariz. at 473 ¶ 15. The "notwithstanding" language in § 13-4296, in contrast, modifies the normal process for suing the State and implements a new one solely to address erroneous conviction claims. *See* A.R.S. § 13-4296(A), (B), (D). We cannot ignore this material textual difference. Far from disregarding *Boyd* as the State posits, our and the superior court's interpretation of § 13-4296 follows *Boyd*'s central lesson: we must give effect to the "words the legislature chose to use." *Boyd*, 256 Ariz. at 471 ¶ 9.

**¶22**        Because § 13-4296's plain language is unambiguous, "we go no further." *RLI Ins. v. Nat'l Constr. & Dev., Inc.*, 258 Ariz. 504, 509 ¶ 14 (App. 2024). We thus need not address the State's alternative argument that the policies underlying the NOC requirement support requiring an NOC here. At bottom, Aguirre wasn't required to file an NOC before filing his claim under § 13-4296, and the superior court didn't err when it denied the State's motion to dismiss.

## CONCLUSION

**¶23** Whether and when to require those with claims against public entities like the State to first file an NOC is a policy decision our constitution entrusts to the legislature. Because the legislature enacted § 13-4296 and authorized eligible claimants to file claims with the inclusive clause "notwithstanding any other law" without further qualification, we presume the legislature meant what it said. We thus accept special action jurisdiction, deny relief, and award Aguirre his costs under A.R.S. § 12-341 subject to his compliance with Arizona Rule of Civil Appellate Procedure 21(b).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR